**FROM: The District Court of the 4th Judicial District. County of Missoula.**

STATE OF MONTANA,

Plaintiff,                                   NO. 12520

vs.                                          DECISION

Steven Earl Goodsell,

Defendant.

On April 1, 1997, it was the judgment of the court that Steven Earl Goodsell be and is hereby committed to the Department of Corrections for a term of twenty-five (25) years for suitable placement, which may include an appropriate community based program, facility, or a State correctional institution. It is further ordered that the defendant shall register as a violent offender, pursuant to Section 46-23-504, 46-23-505, and 46-23-506, M.C.A., with the Department of Institutions, Chief of Police, and Sheriff of the county wherein he resides for the remainder of his lifetime following his release from custody. The defendant shall further notify any law enforcement agency with whom he was last registered of any change in address as further set forth under the law and register with the Department of Institutions, Chief of Police and Sheriff if he should change his address during this registration period. Further, pursuant to Section 44-6-103, M.C.A., the defendant shall provide a blood sample to be used for DNA testing. That, however, ten (10) years of defendant's sentence is hereby suspended on the terms and conditions as listed in the April 1, 1997 judgment. Defendant shall receive credit for time served at Missoula County Jail from January 24, 1997, through

date of sentencing, April 1, 1997, in the amount of sixty-eight (68) days. It is further ordered that as restitution in this matter is received by the Clerk of Court, the Clerk may pro rate partial payments to the victims. The restitution shall be disbursed as to be determined.

On August 21, 1997, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present via phone conference call from Spur, TX., and proceeded Pro Se. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 21st day of August, 1997.

DATED this 11th day of September, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Richard Phillips and Alternate Member, Hon. Jeff Langton**

The Sentence Review Board wishes to thank Steven Earl Goodsell for representing himself in this matter.